IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

| | | |
|---|---|---|
| LATISHA MONIQUE SIMPSON, | ) | |
|     Plaintiff, | ) | |
| | ) | |
|         v. | ) | CIVIL NO. 3:13cv250(JRS) |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
|     Commissioner of Social Security, | ) | |
|     Defendant. | ) | |
| | ) | |

## REPORT AND RECOMMENDATION

Latisha Monique Simpson ("Plaintiff") is 34 years old and previously worked as a cashier, companion and in customer services. On June 16, 2010, Plaintiff applied for Social Security Disability ("DIB") and Supplemental Security Income ("SSI") under the Social Security Act (the "Act") with an alleged onset date of January 1, 2009, claiming disability due to depression and bipolar disorder. Plaintiff's claim was presented to an administrative law judge ("ALJ"), who denied Plaintiff's requests for benefits. The Appeals Council subsequently denied Plaintiff's request for review on March 13, 2013. Plaintiff now challenges the ALJ's denial of benefits, asserting that the ALJ erred by failing to secure the opinion of a vocational expert on the issue of whether work existed in the national economy that Plaintiff could perform. (Plaintiff's Memorandum of Points and Authorities in Support of Motion for Summary Judgment ("Pl.'s Mem.") (ECF No. 16) at 4.)

Plaintiff seeks judicial review of the ALJ's decision in this Court pursuant to 42 U.S.C.

§ 405(g). The parties have submitted cross-motions for summary judgment, which are now ripe for review.[1] Having reviewed the parties' submissions and the entire record in this case, the Court is now prepared to issue a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, the Court recommends that Plaintiff's Motion for Summary Judgment (ECF No. 14) and Motion to Remand (ECF No. 15) be DENIED; that Defendant's Motion for Summary Judgment (ECF No. 17) be GRANTED; and that the final decision of the Commissioner be AFFIRMED.

## I. PROCEDURAL HISTORY

Plaintiff protectively filed for DIB and SSI on June 16, 2010, claiming disability due to depression and bipolar disorder with an alleged onset date of January 1, 2009. (R. at 13, 15-16, 164-170.) The Social Security Administration ("SSA") denied Plaintiff's claims initially and on reconsideration. (R. at 13.) On March 16, 2012, Plaintiff had a hearing before an ALJ. (R. at 13.) On April 10, 2012, the ALJ issued a decision finding that Plaintiff was not disabled as defined by the Act. (R. at 13-22.) The Appeals Council subsequently denied Plaintiff's request to review the ALJ's decision on March 13, 2013, making the ALJ's decision the final decision of the Commissioner and subject to judicial review by this Court. (R. at 1.)

## II. QUESTION PRESENTED

Did the ALJ err in determining that jobs existed in the national economy that Plaintiff could perform without relying upon testimony from a vocational expert?

---

[1]     The administrative record in this case has been filed under seal, pursuant to E.D. Va. Loc. R. 5 and 7(C). In accordance with these Rules, the Court will endeavor to exclude any personal identifiers such as Plaintiff's social security number, the names of any minor children, dates of birth (except for year of birth), and any financial account numbers from its consideration of Plaintiff's arguments and will further restrict its discussion of Plaintiff's medical information to only the extent necessary to properly analyze the case.

## III. STANDARD OF REVIEW

In reviewing the Commissioner's decision to deny benefits, the Court is limited to determining whether the Commissioner's decision was supported by substantial evidence on the record and whether the proper legal standards were applied in evaluating the evidence. *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012) (citing *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005)). Substantial evidence is more than a scintilla, less than a preponderance and is the kind of relevant evidence that a reasonable mind could accept as adequate to support a conclusion. *Hancock*, 667 F.3d at 472; *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996) (citations omitted). To determine whether substantial evidence exists, the Court is required to examine the record as a whole, but the Court may not "'undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [ALJ].'" *Hancock*, 667 F.3d at 472 (quoting *Johnson*, 434 F.3d at 653). In considering the decision of the Commissioner based on the record as a whole, the Court must "'take into account whatever in the record fairly detracts from its weight.'" *Breeden v. Weinberger*, 493 F.2d 1002, 1007 (4th Cir. 1974) (quoting *Universal Camera Corp. v. N.L.R.B.*, 340 U.S. 474, 488 (1951)). The Commissioner's findings as to any fact — if the findings are supported by substantial evidence — are conclusive and must be affirmed regardless of whether the reviewing court disagrees with such findings. *Hancock*, 667 F.3d at 477 (citation omitted). If the ALJ's determination is not supported by substantial evidence on the record or if the ALJ has made an error of law, the Court must reverse the decision. *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987).

A sequential evaluation of a claimant's work and medical history is required to determine if a claimant is eligible for benefits. 20 C.F.R. §§ 416.920, 404.1520; *Mastro v. Apfel*, 270 F.3d 171, 177 (4th Cir. 2000). The analysis is conducted for the Commissioner by the ALJ and it is

that process that a court must examine on appeal to determine whether the correct legal standards were applied and whether the resulting decision of the Commissioner is supported by substantial evidence on the record.

The first step in the sequence is to determine whether the claimant was working at the time of the application and, if so, whether the work constituted "substantial gainful activity" ("SGA").[2]  20 C.F.R. §§ 416.920(b), 404.1520(b).  If a claimant's work constitutes SGA, the analysis ends and the claimant must be found "not disabled," regardless of any medical condition.  *Id.*  If the claimant establishes that he did not engage in SGA, the second step of the analysis requires him to prove that he has "a severe impairment . . . or combination of impairments which significantly limit[s] [his] physical or mental ability to do basic work activities."  20 C.F.R. § 416.920(c); *see also* 20 C.F.R. § 404.1520(c).  To qualify as a severe impairment that entitles one to benefits under the Act, it must cause more than a minimal effect on one's ability to function.  20 C.F.R. § 404.1520(c).

At the third step, if the claimant has an impairment that meets or equals an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (listing of impairments) and lasts, or is expected to last, for twelve months or result in death, it constitutes a qualifying impairment and the analysis ends.  20 C.F.R. §§ 416.920(d), 404.1520(d).  If the impairment does not meet or equal a listed impairment, then the evaluation proceeds to the fourth step in which the ALJ is

---

2       SGA is work that is both substantial and gainful as defined by the Agency in the C.F.R.  Substantial work activity is "work activity that involves doing significant physical or mental activities.  Your work may be substantial even if it is done on a part-time basis or if you do less, get paid less, or have less responsibility than when you worked before."  20 C.F.R. § 404.1572(a).  Gainful work activity is work activity done for "pay or profit, whether or not a profit is realized."  20 C.F.R. § 404.1572(b).  Taking care of oneself, performing household tasks or hobbies, therapy or school attendance, and the like are not generally considered substantial gainful activities.  20 C.F.R. § 404.1572(c).

4

required to determine whether the claimant can return to his past relevant work[3] based on an assessment of the claimant's residual functional capacity ("RFC")[4] and the "physical and mental demands of work [the claimant] has done in the past." 20 C.F.R. §§ 416.920(e), 404.1520(e). If such work can be performed, then benefits will not be awarded. *Id.* The burden of proof remains with the claimant through step four of the analysis, such that he must prove that his limitations preclude him from past relevant work. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Hancock*, 667 F.3d at 472 (citation omitted).

However, if the claimant cannot perform his past work, the burden then shifts to the Commissioner at the fifth step to show that, considering the claimant's age, education, work experience and RFC, the claimant is capable of performing other work that is available in significant numbers in the national economy. 20 C.F.R. §§ 416.920(f), 404.1520(f); *Hancock*, 667 F.3d at 472-73; *Powers v. Apfel*, 207 F.3d 431, 436 (7th Cir. 2000) (citing *Yuckert*, 482 U.S. at 146 n.5). The Commissioner can carry his burden in the final step with the testimony of a VE. When a VE is called to testify, the ALJ's function is to pose hypothetical questions that accurately represent the claimant's RFC based on all evidence on record and a fair description of all of the claimant's impairments, so that the VE can offer testimony about any jobs existing in the national economy that the claimant can perform. *Walker v. Bowen*, 889 F.2d 47, 50 (4th Cir.

---

[3]     Past relevant work is defined as SGA in the past fifteen years that lasted long enough for an individual to learn the basic job functions involved. 20 C.F.R. §§ 416.965(a), 404.1565(a).

[4]     RFC is defined as "an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis. A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent work schedule." SSR-96-8p. When assessing the RFC, the adjudicator must discuss the individual's ability to perform sustained work activities in an ordinary work setting on a regular and continuing basis (*i.e.*, 8 hours a day, 5 days a week, or an equivalent work schedule), and describe the maximum amount of each work-related activity the individual can perform based on the evidence available in the case record. *Id.* (footnote omitted).

Case 3:13-cv-00250-JRS Document 19 Filed 12/02/13 Page 6 of 10 PageID# 88

1989). Only when the hypothetical posed represents all of the claimant's substantiated impairments will the testimony of the VE be "relevant or helpful." *Id.* If the ALJ finds that the claimant is not capable of SGA, then the claimant is found to be disabled and is accordingly entitled to benefits. 20 C.F.R. §§ 416.920(f)(1), 404.1520(f)(1).

## VI. ANALYSIS

### A. The ALJ's Decision

The ALJ found at step one that Plaintiff had not engaged in substantial gainful activity since January 1, 2009, and that Plaintiff meets the insured status requirement of the Act through September 30, 2015. (R. at 15.) At step two, the ALJ determined that Plaintiff suffered a severe impairment in the form of an affective disorder. (R. at 15.) At step three, the ALJ concluded that Plaintiff's impairment did not meet the criteria of an impairment listed in 20 C.F.R. pt. 404, subpt. P, app. 1. (R. at 16.)

The ALJ then determined that Plaintiff had the RFC to perform a full range of work at all exertional levels with certain nonexertional limitations. (R. at 17.) Plaintiff's was limited to simple, unskilled work with no more than occasional contact with the general public. (R. at 17.) Plaintiff could understand, remember, carry out simple instructions, make judgments commensurate with unskilled work, respond appropriately to supervision, co-workers and work situations, and deal with changes in a work setting. (R. at 17.)

At step four, the ALJ assessed that Plaintiff had no past relevant work. (R. at 19.) At step five, the ALJ considered Plaintiff's age, education, work experience and RFC, and determined that jobs existed in significant numbers in the national economy that Plaintiff could perform. (R. at 20.) In making the determination, the ALJ relied upon Medical-Vocational Guidelines ("Grids") pursuant to 20 C.F.R. pt. 404, Subpt. P, app. 2, § 204.00. (R. at 20.) The

ALJ therefore found that Plaintiff had not been under a disability under the Act from January 1, 2009.  (R. at 20.)

Plaintiff now argues that the ALJ erred in relying upon the Grids in making his determination the Plaintiff could perform work that existed in significant numbers in the national economy, instead of obtaining the testimony of a vocational expert.  (Pl.'s Mem. at 4-7.) Defendant responds that a vocational expert's testimony was not required.  (Defendant's Motion for Summary Judgment and Memorandum in Support ("Def.'s Mem.") (ECF No. 17) at 12-14.)

> B.  The ALJ did not err in finding that jobs existed in the national economy that Plaintiff could perform without relying upon testimony from a vocational expert.

Plaintiff argues that the ALJ failed to obtain Vocational Expert ("VE") testimony to support the finding that substantial jobs exist in the national economy, because Plaintiff suffers nonexertional limitations.  (Pl.'s Mem. at 4-7.)  Defendant maintains that the ALJ's reliance on the Grids, without VE testimony, is proper where Plaintiff suffers from solely nonexertional limitations that limit Plaintiff to unskilled work with only occasional interaction with the public, because the Grids determined that substantial work exists in the national economy regardless of those limitations.  (Def.'s Mem. at 12-14.)

Once an ALJ determines a claimant's RFC, he may use the Medical Vocational Guidelines to determine the claimant's level of disability and potential for employment. Utilization of the Grids is predicated on the claimant suffering from exertional limitations.  20 C.F.R. § 404.1569a; *see also* 20 C.F.R. Pt. 404, Subpt. P, App. 2, Table 1, § 200.01(e)(1) ("The rules do not direct factual conclusions of disabled or not disabled for individuals with solely nonexertional types of impairments"); *Hays v. Sullivan*, 907 F.2d 1453, 1458 (4th Cir. 1990) ("[T]he application of Grids does not require the use and consideration of vocational expert testimony in cases . . . where the claimant suffers only from exertional impairments").

When a claimant suffers from solely nonexertional limitations, the Grids are not conclusive and may be used only as a guide. *Grant v. Schweiker*, 699 F.2d 189, 191-92 (4th Cir. 1983). It is important to note, however, that "not every nonexertional limitation or malady rises to the level of a nonexertional impairment, so as to preclude reliance on the grids." *Walker*, 889 F.2d at 49 (citing *Grant*, 699 F.2d at 191-92). The ALJ must inquire whether the nonexertional condition affects the claimant's RFC to perform work of which the claimant is exertionally capable. *Id.* "[I]f the claimant's nonexertional impairments limit the range of jobs available to a person with the claimant's exertional capabilities, then the Commissioner must produce a vocational expert to testify that the particular claimant retains the ability to perform specific jobs which exist in the national economy." *Adkins v. Astrue*, 2011 WL 652508, at * 3 (E.D. Va. Feb. 10, 2011) (quoting *Grant*, 699 F.2d at 191-92) (internal quotations omitted).

Here, the ALJ determined that Plaintiff could perform work at any exertional level. (R. at 17.) Plaintiff was limited by non-exertional limitations including "simple, unskilled work with no more than occasional contact with the general public." (R. at 17.) The ALJ noted that Plaintiff maintained the ability to understand, remember, and carry out simple instructions, use judgments to make simple, work-related decisions, respond appropriately to supervision, co-workers and work situations, and could deal with changes in a work setting under SSR 96-9p. (R. at 17.) The ALJ determined that, while Plaintiff's non-exertional limitations compromised Plaintiff's ability to perform work at all exertional levels, Plaintiff nonexertional limitations had little or no effect on Plaintiff's occupational base. (R. at 20.) On that basis, the ALJ used section 204.00 of the Grids as the framework for determining that Plaintiff was not disabled. (R. a 20.)

The "mental activities . . . generally required by . . . unskilled work" include "understanding, remembering, and carrying out simple instructions, making judgments that are commensurate with the functions of unskilled work — *i.e.*, simple work-related decisions, responding appropriately to supervision, co-workers and usual work situations, dealing with changes in a routine work setting." SSR 96-9.   Substantial vocational opportunities exist for persons with solely mental limitations who maintain the ability to meet the mental activities required of unskilled work. SSR 85-15. "Unskilled jobs at all levels of exertion constitute the potential occupational base for persons who can meet the mental demands of unskilled work. These jobs ordinarily involve dealing primarily with objects, rather than with data or people." SSR 85-15. Therefore, when a claimant is limited to positions that require little contact with the public, the limitation has little effect on Plaintiff's occupational base of unskilled work at all exertional levels, and VE testimony is not necessary. *Adkins*, 2011 WL 652508, at *3; *Bolland v. Astrue*, 2009 WL 2431536, at *7; *see also Fulton v. Astrue,* 2013 WL 1131619, at *21 (E.D. Va. Feb. 22, 2013) (finding no VE testimony necessary when Plaintiff suffered nonexertional limitations requiring her to perform unskilled work with limited interaction with the public).

In this case, the ALJ determined that Plaintiff maintained the ability to perform unskilled work at all exertional levels, which Plaintiff does not challenge. (R. at 17.) The ability to perform unskilled work at all exertional levels creates substantial vocational opportunities. SSR 85-15.

Plaintiff's additional nonexertional limitation involving work with only occasional interaction with the public did not erode Plaintiff's occupational base, because unskilled work typically does not involve work with the public. SSR 85-15. Where a claimant's 'nonexertional limitations have a minimal effect on his exertional occupational base, then a finding directed by

the Grids is sufficient, and testimony by a VE is unnecessary.'" *Adkins*, 2011 WL 652508, at *4 (quoting *Boland*, 2009 WL 2431536, at *7). Therefore, because Plaintiff's nonexertional limitations had minimal effect on Plaintiff's occupational base, VE testimony was not necessary for the ALJ to make the finding that jobs existed in the national economy, and the ALJ's reliance upon the Grids was proper.

## V.  CONCLUSION

For the reasons set forth above, the Court recommends that Plaintiff's Motion for Summary Judgment (ECF No. 14) and Motion to Remand (ECF No. 15) be DENIED; that Defendant's Motion for Summary Judgment (ECF No. 17) be GRANTED; and that the final decision of the Commissioner be AFFIRMED.

Let the Clerk forward a copy of this Report and Recommendation to the Honorable James R. Spencer and to all counsel of record.

## NOTICE TO PARTIES

**Failure to file written objections to the proposed findings, conclusions and recommendations of the Magistrate Judge contained in the foregoing report within fourteen (14) days after being served with a copy of this report may result in the waiver of any right to a *de novo* review of the determinations contained in the report and such failure shall bar you from attacking on appeal the findings and conclusions accepted and adopted by the District Judge except upon grounds of plain error.**

                                                              /s/
                                        David J. Novak
                                        United States Magistrate Judge

Richmond, Virginia
Dated: December 2, 2013