UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

LATISHA MONIQUE SIMPSON,

                Plaintiff,

v.                                 Action No. 3:13-CV-250

CAROLYN W. COLVIN,
*Commissioner, Social Security Administration*,

                Defendant.

**MEMORANDUM OPINION**

THIS MATTER is before the Court on Latisha Monique Simpson's objections to Judge David J. Novak's Report and Recommendation ("R&R") affirming the Social Security Administration's denial of an application for Social Security Disability ("DIB") and Supplemental Security Income ("SSI") payments. The decision of the Commissioner of the Social Security Administration, Carolyn W. Colvin, to deny benefits was based on a finding by an Administrative Law Judge ("ALJ") who determined that Simpson is not disabled according to the Social Security Act. For the reasons below, the Court will OVERRULE Simpson's objection and ADOPT Judge Novak's R&R as the ruling of this Court.

BACKGROUND

An ALJ conducts a five-step analysis to determine if a claimant is eligible for disability benefits. 20 C.F.R. §§ 416.920(a)(4), 404.1520(a)(4). The ALJ considers whether an applicant (1) is performing substantial gainful activity ("SGA"); (2) is severely impaired; (3) has an impairment that meets or medically equals one of the listings in 20 C.F.R. Part 404, Subpart P, Appendix 1 and that lasts or is expected to last for twelve months or result in death; (4) could continue performing work she performed in the past; and (5) could perform other jobs in the

national economy. 20 C.F.R. §§ 416.905(a), 416.920(a)(4); *see also Rogers v. Barnhart*, 216 F. App'x 345, 347–48 (4th Cir. 2007). If, at any step of the analysis, the ALJ is able to determine the applicant is disabled, the inquiry must cease. 20 C.F.R. § 404.1520(a)(4). The applicant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner if the analysis reaches step five. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

In this case, the ALJ found that Simpson is not disabled at step five of the analysis. The ALJ found that (1) Simpson had not performed substantial gainful activity since the alleged onset of the disability, (2) Simpson had severe impairments in the form of an affective disorder, and (3) the impairments did not meet any of those listed in 20 C.F.R. Part 404, Subpart P, App'x 1. (R&R at 6). However, the ALJ found that Simpson has the residual functional capacity ("RFC") to perform a full range of work at all exertional levels with certain nonexertional limitations. (R. at 17). Because of this, it was concluded that Plaintiff was limited to simple, unskilled work with no more than occasional contact with the general public. (R. at 17). The ALJ noted that Plaintiff could understand, remember, carry out simple instructions, make judgments commensurate with unskilled work, respond appropriately to supervision, co-workers and work situations, and deal with changes in the work setting. (R. at 17). At step four, Plaintiff had no relevant past work. At step five, the ALJ determined that, considering Plaintiff's age education, work experience, and RFC, a significant number of jobs existed in the national economy that Plaintiff could perform. In making this determination, the ALJ relied upon the Medical Vocational Guidelines ("Grids"). This resulted in a finding that Plaintiff is not disabled and therefore not entitled to benefits.

Simpson appealed this determination, arguing that the ALJ's disability determination was not supported by an informed medical opinion from a vocational expert ("VE"). Judge Novak held that "because Plaintiff's nonexertional limitations had minimal effect on Plaintiffs occupational base, VE testimony was not necessary for the ALJ to make the finding that jobs

existed in the national economy, and the ALJ's reliance upon the Grids was proper." (R&R at 9). Further, Judge Novak held that "where a claimant's nonexertional limitations have a minimal effect on his exertional occupational base, then a finding directed by the Grids is sufficient, and testimony by a VE is unnecessary." (R&R at 9). Judge Novak agreed with the Commissioner's determination and recommended that the Court deny Simpson's Motion for Summary Judgment, grant the Commissioner's Motion for Summary Judgment, and affirm the decision denying benefits to Plaintiff. Plaintiff now objects to the R&R.

## STANDARD OF REVIEW

The Court may review a denial of benefits by the Commissioner, 42 U.S.C. § 405(g), but it must accept the Commissioner's findings of fact if they are supported by substantial evidence and were reached by applying the correct legal standard. *Hines v. Barnhart*, 453 F.3d 559, 561 (4th Cir. 2006) (stating that a court must apply that standard to findings of fact by an ALJ). The "substantial evidence" standard is more demanding than the "scintilla" standard, but less demanding than the "preponderance" standard. *Mastro v. Apfel*, 270 F.3d 171, 177 (4th Cir. 2001). Thus, a finding is supported by "substantial evidence" if it is based on "relevant evidence [that] a reasonable mind might accept as adequate to support a conclusion." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005). And, if "conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled," the Court must defer to the Commissioner's decision. *Id.* In determining whether a decision satisfies that standard, the Court may not weigh conflicting evidence, evaluate the credibility of evidence, or substitute its judgment for the Commissioner's findings. *Mastro*, 270 F.3d at 176.

## ANALYSIS

A. Judge Novak properly concluded that VE testimony was not necessary.

Simpson contests Judge Novak's holding that "where a claimant's nonexertional limitations have a minimal effect on his exertional occupational base, then a finding directed by

the Grids is sufficient, and testimony by a VE is unnecessary." (R&R at 9). She asserts that Judge Novak's holding ignores the mandate in *Walker v. Bowen*, 889 F.2d 47 (4th Cir. 1989). Simpson argues that *Walker* stands for the proposition that the presence of nonexertional limitations precludes reliance solely on the Grid rules to deny benefits at the fifth step of the sequential analysis.

It is true that the Grids are not conclusive when a claimant's impairment is, at least in part, nonexertional because the Grids do not account for nonexertional limitations. *Grant v. Schwieker,* 699 F.2d 189, 191-92 (4th Cir. 1983). Accordingly, if a claimant's nonexertional impairments limit the range of jobs available to a person with the claimant's exertional capabilities, then the Commissioner "must produce a vocational expert to testify that the particular claimant retains the ability to perform specific jobs which exist in the national economy." *Id.* However, "not every nonexertional limitation or malady rises to the level of a nonexertional impairment, so as to preclude reliance on the grids." *Walker,* 889 F.2d at 49. Instead, "[t]he proper inquiry under *Grant* is whether the nonexertional condition affects an individual's residual functional capacity to perform work of which he is exertionally capable." *Id.*

In this case, Plaintiff does not suffer from any physical impairments. (*See* R. at 17). Plaintiffs' only limitations are nonexertional in nature. (*Id.*) She has the RFC to perform work at all exertional levels within her occupational base. (*See* R. at 2); 20 C.F.R. § 404.1567 (explaining exertional classifications). Typically, unskilled jobs involve dealing primarily with objects, rather than with data or people. *Adkins v. Astrue*, No. 3:10CV60-HEH, 2011 WL 652508, at *4 (E.D. Va. Feb. 10, 2011) (internal quotation marks and citations omitted). As such, a plaintiff's limitation to positions that do not require contact with the general public has little effect on a plaintiff's occupational base of unskilled work at all exertional levels. *Id.* "Several courts in this division have held that VE testimony was unnecessary under similar circumstances." *Id.* (cataloging various cases in this district with similar holdings). Accordingly, "where a claimant's

'nonexertional limitations have a minimal effect on his exertional occupational base, then a finding directed by the Grids is sufficient, and testimony by a VE is unnecessary.'" *Id.* (quoting *Boland v. Astrue,* No. 3:08-CV-798, 2009 U.S. Dist. LEXIS 69095, 2009 WL 2431536, at *1 (E.D. Va. Aug. 7, 2009)). The ALJ was entitled to rely on the result prescribed by the Grids to find the Plaintiff "not disabled" without hearing testimony from a VE.

## CONCLUSION

Because the ALJ applied the correct legal standard and came to a conclusion supported by substantial evidence, the Court will OVERRULE Simpson's objection and ADOPT Judge Novak's R&R as the ruling of this Court.

Let the Clerk send a copy of this Memorandum Opinion to all counsel of record.

An appropriate Order shall issue.

_____/s/_____
James R. Spencer
United States District Judge

ENTERED this \_\_28th\_\_\_\_\_ day of February 2014.